IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2010 MAR 25  AM 10: 46
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

| | | |
|---|---|---|
| ROBERTA ROBERTS, | § | |
| Plaintiff | § | |
| | § | A10CA 205 SS |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| NCO FINANCIAL SYSTEMS, INC., | § | |
| Defendant | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

#### Introduction

1. This is an action for actual and statutory damages brought by plaintiff, Roberta Roberts, an individual consumer, against defendant, NCO Financial Systems, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*, (hereafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

#### Jurisdiction

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

#### Parties

3. Plaintiff Roberta Roberts is a natural person residing in the Western District of Texas, Austin Division.

4. Defendant NCO Financial Systems, Inc., is a company engaged in the business of collecting debts in this State. The principal purpose of defendant is the collection of debts and defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## Factual Background

6. By letter dated December 16, 2009, plaintiff received a letter at her home address from defendant. The letter was an attempt to collect a consumer debt under federal law.

7. By letter dated January 18, 2010, counsel for plaintiff faxed defendant a letter pursuant to the federal debt collection laws. Counsel notified defendant that the alleged debts were disputed by plaintiff. Counsel requested verification of the debt and requested that defendant not further contact plaintiff.

8. Specifically, in the letter plaintiff's counsel notified defendant as follows:

Pursuant to law, please do not communicate with my client in any fashion. Please direct all further correspondence concerning this matter or any other alleged debt my client may owe to me. You are no longer authorized to attempt to communicate with my clients concerning this alleged debt or any other alleged debt owed. If you do so, after receiving this notice, I will consider that a violation of my clients' rights under the federal and state fair debt collection laws. Also, if you turn this matter over to a credit reporting company, I will consider that a violation of law as well.

9. Even though plaintiff's counsel faxed said the letter on January 18, 2010, and even though the fax was delivered to defendant, defendant began making harassing telephone calls to plaintiff after receipt of the letter. Defendant was demanding payment of the alleged debt referred to in the debt collection letters, as well as an additional alleged debt. The additional debt was referenced as number FW6921.

10. Since an additional account/debt was raised, plaintiff's counsel sent another fax to defendant on February 9, 2010, referencing the new account and new account number. Again, the letter was sent pursuant to the federal debt collection laws. Again, counsel notified defendant that the alleged debt was disputed by plaintiff. Counsel requested verification of the alleged debt and requested that defendant not further contact plaintiff.

11. Since that time, and after receipt of both faxes from plaintiff's counsel, defendant has called defendant at least ten (10) times. The calls were made to plaintiff at her home in Travis County, Texas.

12. The alleged debts of plaintiff identified by defendant in the phone calls were allegedly incurred for personal, family, or household services.

13. As a result of the acts above, plaintiff suffered compensable damages.

### Claims for Relief

14. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(A) Defendant failed to send plaintiff a validation notice within five days of the initial communication, either written or oral.

(B) After plaintiff requested validation of the debt, defendant continued collection activities.

(C) Defendant's communications contained a false impression of the character, amount, or legal status of the alleged debt.

(D) Defendant used false, deceptive, or misleading representations or means in connection with the debt collection.

(E) Defendant attempted to collect an amount not authorized by any agreement creating a debt.

(F) Defendant's communications create confusion about the plaintiff's rights.

(G) Defendant used unfair or unconscionable means to attempt to collect the alleged debt.

(H) Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of the alleged debt,

(I) Defendant contacted plaintiff after plaintiff requested that defendant cease communications with plaintiff,

(J) Defendant communicated with plaintiff after knowing plaintiff was represented by an attorney with respect to an alleged debt,

(K) Defendant communicated with plaintiff after defendant was told not to communicate with plaintiff,

(L) Defendant is unfairly attempting to collect amounts of money which are not expressly authorized by the alleged agreement creating the alleged debt.

15. As a result of the foregoing violations of the FDCPA, defendant is liable to plaintiff for declaratory judgment that defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## Prayer

16. ACCORDINGLY, plaintiff requests that judgment be entered against defendant for the following:

A. Declaratory judgment that defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. §1692k;

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k; and

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

CREWS LAW FIRM, P.C.
701 Brazos, Suite 900
Austin, Texas 78701
(512) 346-7077
(512) 342-0007 (fax)

By: _____
Joe K. Crews
State Bar No. 05072500

ATTORNEYS FOR PLAINTIFF